IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL LANE #1238595 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv14 |
| JOHN RUPERT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Lane, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Lane named a number of Defendants in his lawsuit, including Wardens John Rupert, Larry Doyle, Jeff Catoe, and Patrick Cooper; Major Delarosa; Major Atchison; and officers Jason Smith, Tina Staples, Tonia Brown, and Donna Matthews.

Lane complained that the supervisory officials have assigned Officer Matthews to work in the shower, giving her a "continuous unrestricted and uninterrupted view of naked male offenders." Rupert, Catoe, Doyle, Cooper, Delarosa, and Atchison have seen inmates being strip searched and strip frisk searched by and in front of female officers in the main hallway, and non-security female personnel such as nurses must walk around and through these searches. Brown and Staples strip search inmates coming to and leaving the unit on medical chains. Numerous complaints have been made to Warden Rupert, as well as the other wardens, but nothing has been done even though Lane spoke directly to Warden Doyle about the situation.

1

Rupert, Staples, and Brown were ordered to answer the lawsuit and have filed a motion for summary judgment, to which Lane filed a response. After review of the pleadings and summary judgment evidence, the magistrate judge issued a report recommending that the motion for summary judgment be granted. The magistrate judge stated that Lane failed to identify any specific strip searches about which he complained or recite the circumstances of such searches, and that Lane failed to show that Rupert instituted a policy contravening the official policy of TDCJ-CID. The magistrate judge also determined that the Defendants were entitled to qualified immunity.

In his objections, Lane discusses the pleading standards set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and complains that the magistrate judge rejected his factual allegations and accepted the factual allegations of the defendants as true. He states that disputed issues of fact exist, precluding summary judgment, and that the defendants are not entitled to qualified immunity. Lane contends that the defendants never denied strip searching him and this precludes qualified immunity. He argues that the Defendants "were not observing or serving as needed security under the circumstances but created the very act that Lane claims and participating in the act by conducting the strip search when there was no urgent need to do so and ample male security was nearby and available to conduct the strip searches."

As the magistrate judge stated, Lane failed to identify any specific occasion on which he was strip searched by Brown or Staples, nor did he show that any such search was unnecessary under the circumstances existing at that time. *See* Twombly, 550 U.S. at 555 (plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; courts are not bound to accept as true a legal conclusion couched as a factual allegations). The Fifth Circuit has explained that "Twombly jettisoned the minimum notice pleading requirement of Conley v. Gibson, 355 U.S. 41 (1957) and instead required that a complaint allege enough facts to state a claim for relief that is plausible on its face." St. Germain v. Howard, 556 F.3d 261, 263 n. 2 (5th Cir. 2009). Lane's vague and general allegations concerning strip searches which may have been undertaken by Brown and Staples on unknown dates, under unknown circumstances, merely creates a suspicion of

a legally cognizable right of action and fails to raise a right to relief above the speculative level. *See* Montoya v. FedEx Ground Package System, Inc., 614 F.3d 145, 148 (5th Cir 2010), *citing* Twombly, 550 at 555, 570. Lane's objection on this ground is without merit.[1]

Lane also asserts that Warden Rupert "implemented a policy in violation of the Fourth Amendment which allows female prison guards [to] strip search male offenders until their genital areas are completely exposed and Lane have [sic] been a repeated victim to the unconstitutional violation and bad policies." The magistrate judge correctly determined that Lane offered no specific facts showing the existence of such a policy. The Fifth Circuit has stated that the description of a policy or custom and its relationship to the alleged underlying constitutional violation cannot be conclusory, but must contain specific facts. Spiller v. City of Texas City Police Department, 130 F.3d 162, 167 (5th Cir.1997); *see also* Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir.1993) (plaintiff may not infer the existence of a policy merely because harm resulted from an interaction with a governmental entity); Goldman v. Williams, civil action no. 4:14cv133, 2015 U.S. Dist. LEXIS 43705 (S.D.Tex., February 27, 2015), *Report adopted at* 2015 U.S. Dist. LEXIS 42505 (April 1, 2015) (speculation that defendant must have had a policy or custom that violated the plaintiff's rights was not sufficient to set out a constitutional claim).

The magistrate judge correctly determined that the Defendants are entitled to qualified immunity. After a defendant properly invokes qualified immunity, the plaintiff bears the burden to rebut its applicability. Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008). To overcome the defense of qualified immunity at the summary judgment stage, a plaintiff must establish that the allegedly wrongful conduct violated clearly established law. Michalik v. Hermann,. 422 F.3d 252, 262 (5th Cir. 2005). Conclusory allegations are insufficient to overcome the qualified immunity defense. Id.; *see also* Williams-Boldware v. Denton County, Texas, 741 F.3d 635, 643-44 (5th Cir.

---

[1] Lane's grievances likewise do not identify any specific occasions upon which he was allegedly strip searched by Brown or Staples.

2014). Lane did not meet this burden. *See* Hogan v. Cunningham, 722 F.3d 725, 735 (5th Cir. 2013). His objections to the magistrate judge's report of January 7, 2016 are without merit.

In an earlier report, the magistrate judge recommended the dismissal of the Plaintiff's claims concerning the stationing of female officers in the showers, having female officers in the vicinity of a strip search or observing such searches on video surveillance cameras, strip searches done for purposes of harassment, violations of equal protection, denial of grievances, and any claims brought under the Prison Rape Elimination Act. In his objection to this earlier report, Lane voluntarily dismissed his claims against Wardens Doyle, Catoe, and Cooper. He complained that the magistrate judge provided "no established federal law" stating that female prison guards are allowed to work directly in the shower and participate in shower operations, stating that extraordinary circumstances did not exist justifying Matthews' presence in the shower or allowing female officers to review videotapes. He complains that female prisoners enjoy greater privacy rights than do male inmates and states that he raised the Prison Rape Elimination Act as a theory of liability not a theory of recovery, because the defendants failed to correct the problems when they had a duty to do so.

These objections lack merit. The Fifth Circuit and other courts have routinely held that placing female officers in showers or otherwise permitting security surveillance does not violate the constitutional rights of male prisoners. *See, e.g.*, Oliver v. Scott, 276 F.3d 736, 746 (5th Cir. 2002), *citing* Barnett v. Collins, 940 F.2d 1530 (5th Cir. 1991); West v. Parker, 68 F.3d 466 (5th Cir., August 23, 1995); Johnson v. Phelan, 69 F.3d 144 (7th Cir. 1995). In Petty v. Johnson, 193 F.3d 518 (5th Cir., August 25, 1999), the Fifth Circuit rejected a challenge to a policy of allowing female guards to be present when male inmates were showering or otherwise naked.

The magistrate judge correctly determined that Lane failed to offer any evidence showing that male and female prisoners are similarly situated for purposes of an equal protection claim. Furthermore, as the magistrate judge stated, the physical, emotional, and psychological differences between men and women could cause women prisoners, particularly those who have suffered physical or sexual abuse, to react differently to searches than would male inmates subjected to

4

similar searches by women. *See* Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993). Lane's objection on this point is without merit.

The magistrate judge also properly determined that Lane did not state a claim upon which relief may be granted under the Prison Rape Elimination Act. Although Lane maintains that he invoked the Act as a "theory of liability" rather than a "theory of recovery," the Act does not create a private right of action and thus cannot serve as a basis for liability. *See* Krieg v. Steele, 599 F.App'x 231, 2015 U.S. App. LEXIS 6109 (5th Cir., April 15, 2015). This objection is without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the reports of the magistrate judge are correct and the Plaintiff's objections to these reports are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the reports of the magistrate judge (docket no.'s 21 and 49) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the Defendants Catoe, Doyle, and Cooper are **DISMISSED** without prejudice on the Plaintiff's request. It is further

**ORDERED** that the Plaintiff's claims concerning the stationing of female officers in the shower, having female officers in the vicinity of a strip search or observing such searches on video surveillance cameras, strip searches done for purposes of harassment, violations of equal protection, denial of grievances, and any claims brought under the Prison Rape Elimination Act are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. This dismissal includes the claims against Major Delarosa, Major Atchison, Officer Donna Matthews, and Officer Jason Smith. It is further

5

**ORDERED** that the motion for summary judgment of the Defendants Rupert, Brown, and Staples (docket no. 37) is **GRANTED** and the claims against these Defendants, which comprise the remainder of the claims in the lawsuit, are **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 17th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE